IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                       Plaintiff,

  v.                                             OPINION and ORDER

MALCOLM WHITESIDE,                              25-cr-10-jdp

                       Defendant.

---

Defendant Malcolm Whiteside, proceeding without counsel, is charged with one count of being a felon in possession of a firearm. On March 19, 2025, Magistrate Judge Anita Marie Boor issued an opinion denying various pretrial motions filed by Whiteside and recommending that I deny Whiteside's motions to suppress. Dkt. 61. Whiteside does not appeal any of Magistrate Judge Boor's rulings on non-dispositive matters. He does object to an aspect of Magistrate Judge Boor's report and recommendation concerning a motion to suppress. I will address that objection in this order. Whiteside has also filed four motions to dismiss the indictment, Dkt. 28; Dkt. 30; Dkt. 38; Dkt. 56, that Magistrate Judge Boor did not address in her report and recommendation. I will deny each of those motions.

A. **Objection to report and recommendation**

Magistrate Judge Boor's opinion recommended denying Whiteside's motions to suppress (1) evidence about his identification, Dkt. 21; and (2) all police body and dash camera footage, Dkt. 22. Whiteside formally objects to the portion of the recommendation concerning his identification. Under 28 U.S.C. § 636(b)(1)(C), I am required to review de novo the objected-to portion of the report and recommendation.

After a high-speed chase resulting in a car hitting a semi-truck trailer, the driver of the car fled on foot, and the driver of the truck gave his description of the car's driver that was used to identify Whiteside. In his motion to suppress, Whiteside argued that his due process rights were violated by not being placed in a lineup, and that he wasn't the person involved in this incident. Judge Boor concluded that Whiteside didn't present any authority suggesting that a lineup was required, and that he otherwise was free to present evidence supporting his misidentification defense at trial, but that wasn't a reason to suppress the government's identification evidence. Dkt. 61, at 2.

I agree with Magistrate Judge Boor that a lineup wasn't required and that suppression isn't an appropriate response to Whiteside's assertion of misidentification; that's a matter for trial. In his objection, Whiteside expands his argument by stating that he was denied his Sixth Amendment right to counsel during his identification. But there is no right to counsel at a pre-indictment identification made for investigatory purposes. *Cf. United States v. Larkin*, 978 F.2d 964, 969 (7th Cir. 1992) ("the right to counsel presumptively does not attach at pre-indictment lineups"). I will adopt Judge Boor's recommendation to deny this motion to suppress.

Whiteside's other motion to suppress concerns police body and dash camera footage. Dkt. 22. I review this unobjected-to portion of Magistrate Judge Boor's order for clear error. *United States v. Gibson*, 958 F.3d 661, 663 (7th Cir. 2020).

Whiteside argued that the video does not include the initial reason for the traffic stop, that sound has been "cut from important parts" and "coloring is edited," which he contends are signs of alteration. Magistrate Judge Boor concluded that Whiteside's "assertions are no basis to prohibit any video from being shown at trial, where defendant may argue what any

2

video evidence does or does not show." Dkt. 61, at 3. That ruling was not clear error; rather, I agree that Whiteside has no support for his assertion that the footage was altered, and that his arguments about what the footage does or does not show is properly an issue for trial. I will adopt this portion of the report and recommendation.

## B. Motions to dismiss

Whiteside has filed four motions to dismiss the indictment; I will deny each of them.

### 1. Selective and vindictive prosecution

Whiteside contends that he has been selectively prosecuted because he recently filed a civil lawsuit against the assistant United States attorney prosecuting him in this case, Chadwick M. Elgersma, regarding Elgersma's conduct in Whiteside's prior revocation proceedings. Dkt. 28. Whiteside filed that civil lawsuit in the United States District Court for the Central District of Illinois, which transferred it here on February 19, 2025, *see Whiteside v. Moyers*, No. 25-cv-125 (W.D. Wis.).[1] In another of his motions to dismiss, Whiteside contends that this prosecution is vindictive because of his civil lawsuit against Elgersma and because in early February his then-counsel told him that Elgersma stated that he would bring a superseding indictment with more charges unless Whiteside pleaded guilty to the felon-in-possession charge. Dkt. 38.

Whiteside comes nowhere close to making a showing of selective or vindictive prosecution, He merely asserts, without providing any support, that Elgersma prosecuted him while ignoring other felons possessing firearms. And the government persuades me that there is no reason to think Elgersma was even aware of the Central District of Illinois civil lawsuit,

---

[1] I dismissed the claims against Elgersma based on his prosecutorial immunity and under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. 11 in the '125 case.

3

as he was never served with the complaint, and the case was transferred to this court three weeks after Whiteside was indicted.

As for Whiteside's argument that Elgersma threatened him with a superseding indictment, that tactic is not, without more, considered vindictive. *United States v. Tingle*, 880 F.3d 850, 856 (7th Cir. 2018) ("a prosecutor may 'threaten a defendant with increased charges if he does not plead guilty, and follow through on that threat if the defendant insists on his right to stand trial.'" (quoting *Alabama v. Smith*, 490 U.S. 794, 802 (1989))). Whiteside states that this threat occurred in early February, before his civil case was transferred to this court; there's no indication that Elgersma was aware of it at that point. I will deny both of Whiteside's motions to dismiss concerning selective or vindictive prosecution.

2. **Speedy trial**

Whiteside contends that his Sixth Amendment right to a speedy trial was violated by federal prosecutors failing to bring charges against him immediately after he was arrested by local police in August 2024, instead waiting until late January 2025, after state officials had already charged him with various crimes from the same incident at issue in this federal prosecution.[2] Dkt. 30. Whiteside contends that the state officials acted as a "cat's paw" for federal prosecutors and that federal prosecutors "were merely acting as the state's alter ego." *Id.* at 1–2.

Whiteside quotes these phrases from *United States v. Johnson*, 65 F.4th 932, 938 (7th Cir. 2023), a case in which the court of appeals considered a speedy-trial challenge to a case

---

[2] My review of the Wisconsin court system's electronic database shows that Whiteside's state-court charges have since been dismissed on the prosecutor's motion. *See* https://wcca.wicourts.gov.

4

involving overlapping state and federal prosecutions. "Analysis of speedy trial issues ordinarily applies separately to each sovereign's prosecution . . . ." *Id.* If I took that approach here, there's no speedy trial problem under either the Sixth Amendment or the Speedy Trial Act, 18 U.S.C. § 3161: trial will commence only about two months after Whiteside's arraignment. But the court of appeals has "recognized (but not found and applied) the possibility that cooperation between state and federal authorities might result in unfair and prejudicial delays in a federal prosecution." *Johnson*, 65 F.4th at 938. The court suggested that a speedy trial violation might occur if state authorities colluded in a lengthy detainment, by charging a defendant "'solely in order to detain him pending an eventual federal indictment.'" *Id.* (quoting *United States v. Richardson*, 780 F.3d 812, 817 (7th Cir. 2015)).

But even if the court of appeals formally adopted such an exception to the general rule, "the standard of proof would need to be demanding . . . because state and federal prosecutors consult and cooperate with one another all the time." *Id.* Whiteside contends that state and federal law enforcement's unlawful collusion is proven by the police working with an ATF agent and AUSA Elgersma to obtain a search warrant for Whiteside's DNA in this court as part of their August 2024 investigation of the underlying incident. But all this shows is routine cooperation between state and federal law enforcement in conducting an investigation. Whiteside falls well short of making the type of showing that *Johnson* states would be necessary to prove a collusion-based speedy-trial violation. *See Johnson*, 65 F.4th 932, 938 ("Routine consultations and decisions by one to defer to the other with a particular defendant or case or categories of cases fall far short of what might be needed to invoke the possible exception." I will deny this motion to dismiss the indictment.

### 3. Evidence tampering

Whiteside contends that the indictment should be dismissed because law enforcement tampered with unidentified evidence as revealed through a break in the chain of custody. Dkt. 56. Whiteside doesn't identify the evidence in his motion but he later submitted a police report suggesting that the evidence at issue was a firearm and ammunition, which an officer removed from a sealed bag to take photos of the items. *See* Dkt. 116.

Whiteside states that "[b]reaking the seal on evidence is a clear sign of breaking the chain of custody." Dkt. 56, at 1. It's unclear whether the chain of custody was actually broken, because it appears that officers fully documented their actions. But in any event, an alleged irregularity in the chain of custody "go[es] to the weight a jury affords the evidence, not to its admissibility." *United States v. Marzette*, 105 F.4th 1014, 1018 (7th Cir. 2024). It's not a reason to dismiss the indictment outright. Whiteside presents no evidence of tampering, only his speculation that tampering occurred because officers removed evidence from a sealed bag. So I will deny his motion to dismiss.

### ORDER

IT IS ORDERED that:

1. Magistrate Judge Boor's report and recommendation, Dkt. 61, is ADOPTED.

2. Defendant Malcom Whiteside's motions to suppress, Dkt. 21 and Dkt. 22, are DENIED.

3. Defendant's motions to dismiss the indictment, Dkt. 28; Dkt. 30; Dkt. 38; Dkt. 56, are DENIED.

Entered April 4, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge